Paul JORDAN, in his individual capacity and all in his capacity as representative of the classes described fully herein below, Plaintiff–Appellant,

v.

Larry HERRERA, Defendant,

and

Robert Lumin; Jerome E. Lance; Anthony Batts; W. Blair, Sgt.; Jerome Lance, Deputy Chief; T. Holst, Sgt.; David A. Jones, Detective; Julio Alcaraz, Defendants–Appellees.

No. 04–56543.

United States Court of Appeals, Ninth Circuit.

Submitted March 9, 2007.[*]

Filed March 13, 2007.

See also 2003 WL 22668840.

Stephen Yagman, Esq., Yagman & Yagman & Reichmann, Venice Beach, CA, for Plaintiff–Appellant.

Kathryn S. Bloomfield, Esq., Mira, LA, for Defendant.

Belinda R. Mayes, Esq., Long Beach City Attorney's Office, Long Beach, CA, for Defendant/Defendants–Appellees.

Law Offices of Thomas J. Feeley, Los Angeles, CA, for Defendants–Appellees.

Before: RYMER, WARDLAW, and SMITH, Circuit Judges.

MEMORANDUM [**]

Paul Jordan appeals from a jury verdict in favor of defendant Julio Alcaraz in this 42 U.S.C. § 1983 civil rights action. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court did not erroneously instruct the jury on the burden of proof for Jordan's claim that Alcaraz lacked probable cause to arrest him. In the Ninth Circuit, the burden of proof in § 1983 cases remains always with the plaintiff.

[*] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

However, we have adopted a burden shifting approach once the plaintiff makes a prima facie case:

> Although the plaintiff bears the burden of proof on the issue of unlawful arrest, she can make a prima facie case simply by showing that the arrest was conducted without a valid warrant. At that point, the burden shifts to the defendant to provide some evidence that the arresting officers had probable cause for a warrantless arrest. The plaintiff still has the ultimate burden of proof, but the burden of production falls on the defendant.

*Dubner v. City and County of San Francisco*, 266 F.3d 959, 965 (9th Cir.2001) (collecting cases). Assuming that Jordan made out a prima facie case, the burden of production—but not the burden of proof—shifted to Alcaraz. He satisfied the burden of production by putting on evidence of probable cause at trial. There is no question that the burden of proof was always Jordan's. Thus, the district court correctly instructed the jury that:

> It is your duty to determine whether Defendant Alcaraz had probable cause to believe that Plaintiff Jordan possessed the firearm in question during the events in the late evening/early morning of August 27–28, 1997. Plaintiff has the burden of proof on this issue—that is, Plaintiff must prove by a preponderance of the evidence that Defendant did not have probable cause.

Accordingly, the judgment is **AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided